LORENZO ISERN & CO., PETITIONERS, v. CUEVAS ZEQUEIRA, DISTRICT JUDGE, RESPONDENT.

PETITION for a Writ of Certiorari to the Judge of the District Court of Humacao in an Action of Debt.

No. 161.—Decided July 5, 1916.

APPEAL—TRANSCRIPT OF RECORD—FEES.—In order that an appeal from a municipal to a district court may be considered duly filed in the appellate court, not only must the transcript of the record be sent up by the secretary, but it must be entered in the books of the district court after payment by the appellant of the proper fees.

ID.—NOTICE OF APPEAL—STAY OF JUDGMENT.—The filing of a notice of appeal from a judgment of a municipal court in a civil action has the effect of staying the execution of the said judgment, but not of setting it aside; and if it is held later that the appeal was not duly prosecuted, the stay ceases and the judgment appealed from recovers its original force.

ID.—TRIALS DE NOVO—PLAINTIFF AND DEFENDANT—TRANSCRIPT OF RECORD.—In trials de novo in district courts by virtue of appeals from judgments of municipal courts, there are, properly speaking, no appellants or appellees, but plaintiffs and defendants; but this doctrine applies only after the case has been duly docketed in the appellate court.

The facts are stated in the opinion.

*Mr. Francisco González Fagundo* for the petitioners.

The respondent did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is a proceeding in certiorari. Summarized, the petition alleged as follows:

That the petitioning firm brought suit in the Municipal Court of San Lorenzo against Rodulfo Hons for the recovery of a debt and on January 19, 1915, the court rendered judgment in its favor, from which the defendant appealed on the 27th of the same month and year.

That on February 8, 1915, the record was sent up to the district court, but the defendant did not cause his appeal to be filed by paying the required fees or take any steps for the prosecution thereof.

That on April 17, 1916, or more than a year later, the

plaintiff moved for dismissal of the appeal, which motion the district court overruled on the day following, holding that the appellee was obliged to file the appeal and pay the required fees if the appellant failed to do so, inasmuch as when the transcript of the record was sent up by the secretary of the municipal court the judgment appealed from became *functus officio,* making it necessary to try the case *de novo.* The petition contains a literal copy of the decision of the lower court.

The appellant contends that the lower court was in error in so holding and acted in violation of the jurisprudence laid down by this court in the case of *Cividanes* v. *López Acosta,* 22 P. R. R. 74.

The case of Cividanes is not exactly similar to the case at bar, but we are of the opinion that the principles therein established are entirely applicable here.

When the motion for dismissal in that case was made in the district court the record had not been sent up by the secretary of the lower court, whereas it had been sent up in the case now before us. But the mere sending up of the record is not sufficient. It must be filed and docketed in the district court after the payment of the required fees by the appellant in order that the case may be understood to be properly before the said district court.

The case of Gelabert cited by the trial judge is also cited in the Cividanes case. "Of course," this court said, "when the transcript of the record is sent up to the district court in due time and *the appeal is filed and docketed,* it is the duty of the court to hear and decide it even if the defendant-appellant fail to appear, as was held in the case of *Gelabert Hermanos* v. *Córdova, District Judge,* 17 P. R. R. 1153." (Italics ours.) *Cividanes* v. *López Acosta,* 22 P. R. R. 74.

Therefore, the appellant must cause his appeal to be filed by the payment of the fees required by law in order that the

jurisprudence laid down in the case of Gelabert may be applicable. There is no difference between a transcript of the record received by the secretary, but not filed and docketed, and a complaint sent to the secretary and not filed by him because the statutory fees are not paid. In neither case can it be considered that the document is properly before the district court.

According to section 2 of the Act of 1908 regulating appeals from judgments of municipal courts in civil cases, the presentation of the notice of appeal in the manner prescribed by the first section of the said Act shall have the effect of staying the excution of the judgment. The statute provides that the judgment shall be merely stayed and not annulled by virtue of the appeal taken therefrom. If it be held later that the appeal was not duly prosecuted, the stay ceases and the judgment appealed from recovers its original force.

This conclusion nowise affects the jurisprudence established in the case of Gelabert to the effect that in cases tried *de novo* in district courts on appeal from judgments rendered by municipal courts, there is, properly speaking, neither appellant nor appellee, but only plaintiff and defendant, and, therefore, it is not pertinent to invoke as applicable those provisions which regulate appeals to be decided on the grounds which served as a basis for the judgment appealed from; but, we repeat, that that doctrine is applicable only after the case has been properly filed in the appellate court.

The decision of April 18, last, complained of by the appellant, should be reversed and the case remanded to the court of its origin for action in conformity with the principles herein laid down.

*Petition granted.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.